UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATTY MELANSON,

     Plaintiff,

v.                                                                    Case No. 5:25-cv-583-KKM-PRL

SUNRUN INSTALLATION
SERVICES, INC,

     Defendant.

_____

### ORDER

Patsy Melanson sues SunRun Installation Services, Inc., for common law and statutory claims related to a contract for solar panels. Compl. (Doc. 1-1). SunRun moves to compel arbitration and stay the case. Mot. (Doc. 19). Melanson objects, contesting the enforceability and scope of the contract's arbitration clause, Resp. (Doc. 22), and SunRun replies, Reply (Doc. 27). The Court directs supplemental briefing on the delegation of arbitrability.

"[P]arties are free to arbitrate not only the 'merits' of their claims, but also the 'arbitrability' of their claims." *Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1288 (11th Cir. 2022). There is more than one kind of "arbitrability" question. For example, parties may dispute "the 'scope' or 'applicability' of [their] arbitration agreement—*i.e.*, what set of disputes the

arbitration agreement covers, and whether it governs the particular dispute at hand." *Id.* at 1299. Or they may question "the 'validity' or 'enforceability' of an arbitration agreement—*i.e.*, whether the parties have entered into a legally operative arbitration agreement that is enforceable under law." *Id.* To that end, there is "a subtle, but material, distinction between [validity and enforceability]." *Id.* at 1299 n.9. Validity concerns "what it takes to enter into a legally operative arbitration agreement," whereas "enforceability is about whether the law allows for the enforcement of a validly formed arbitration agreement." *Id.* (citation modified).

Melanson raises two different types of "arbitrability" objections. *See* Resp. She argues that the agreement does not apply to her negligence and consumer claims (a question of scope), *id.* at 7–8, and she avers that the agreement is unenforceable as to her warranty and contract claims, *id.* at 3–7. Though SunRun asserts that "the arbitrability of the dispute is itself delegated to [the] arbitrator's discretion," including "any challenges to the arbitrability thereof," SunRun does not elaborate, or specify which of Melanson's objections are delegated to the arbitrator. See Mot. at 12, 12 n.3; Reply.

Neither party addresses whether the delegation clause covers questions of enforceability. The delegation clause states that "the dispute, including the determination of the scope or applicability of this agreement to arbitrate, will

be resolved by binding arbitration." Agreement (Doc. 1-2) at 20. Although the provision does not mention "enforceability," other sections incorporate JAMS Streamlined Arbitration Rules & Procedures, *see id.* at 21, which appear to use different terms, though the parties have not provided a copy of the governing rules to the Court, *see* JAMS Streamlined Arbitration Rules & Procedures at 11 (July 1, 2014) (granting the arbitrator "the authority to determine jurisdiction and arbitrability issues as a preliminary matter," and listing "arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement"). The parties' agreement provides that "[i]f there is a conflict between the JAMS Rules and this Agreement, this Agreement will govern." Agreement at 21.

The parties must brief whether the Agreement delegates questions of "enforceability" to the arbitrator. The parties must explain whether the JAMS rules delegate questions of enforceability, and, if so, whether the rules "conflict" with the agreement under Florida contract law. The parties must also provide a copy of the relevant JAMS rules. SunRun must file its brief by **March 16**, and Melanson must file her brief by **March 23**.

**ORDERED** in Tampa, Florida, on March 2, 2026.

Kathryn Kimball Mizelle
United States District Judge

3